## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOE WILBUR WALKER,
               Appellant,

       v.

DEPARTMENT OF AGRICULTURE,
               Agency.

DOCKET NUMBER
AT-0839-14-0234-I-1

DATE: September 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joe Wilbur Walker, Terry, Mississippi, pro se.

Rayann Lund, Albuquerque, New Mexico, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision to deny as untimely his request for enhanced firefighter service credit. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant was employed with the agency's U.S. Forest Service from August 1969 until his retirement in January 2006.  Initial Appeal File (IAF), Tab 4 at 9, 11.  In a letter dated August 25, 2007, the appellant requested an individual ruling on whether he qualified for firefighter retirement coverage under the Civil Service Retirement System (CSRS).  *Id.* at 11-12.  The agency notified the Forest Service's Director of Human Resources Management on September 23, 2013, of its decision to deny the appellant's request as untimely filed.  *Id.* at 9-10.  In October 2013, the Forest Service notified the appellant of its decision, and of his right to appeal to the Board.  *Id.* at 7-8.

¶3        The appellant timely filed an appeal.  IAF, Tab 1.  In his appeal, he alleged that he was late requesting coverage because an agency official advised him that he was not eligible.  *Id.* at 4-5.  In addition, he stated, "I included statements in[] my packet from my su[p]ervisors about why I missed the deadline to apply.  I sent another letter in as requested explaining the situation."  *Id.* at 5.

¶4    The administrative judge scheduled a telephonic hearing, for which he approved the agency's benefits officer as a witness for the agency, but disapproved the appellant's requested witnesses as irrelevant.  IAF, Tab 8.  He also indicated that the appellant could testify as a witness on his own behalf.  *Id.* at 3.  After the hearing, the administrative judge issued an initial decision finding that the appellant's excuse for his untimely request for firefighter retirement coverage was insufficient because he was aware that he could apply and that there was a deadline.  *See* IAF, Tab 11, Initial Decision (ID) at 3-4.

¶5    The appellant has submitted a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency responded to the petition for review.  PFR File, Tab 3.

The appellant has failed to show that he was prevented by circumstances beyond his control from timely seeking enhanced service credit as a firefighter.

¶6    An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence.  *Jordan v. Office of Personnel Management*, 100 M.S.P.R. 623, ¶ 7 (2005); *see also Watson v. Department of Navy*, 262 F.3d 1292, 1298 (Fed. Cir. 2001) (law enforcement officers (LEOs) seeking early retirement credit bore the burden of proving entitlement by preponderant evidence).  Under the CSRS, qualifying firefighters are entitled to an enhanced annuity.  5 U.S.C. §§ 8336(c), 8339(d)(1).  Prior to 1994, the applicable regulations provided for a September 30, 1989 deadline for filing a request for service credit.  IAF, Tab 4 at 9; *see also Menendez v. Office of Personnel Management*, 83 M.S.P.R. 582, ¶ 6 (1999).  The Forest Service extended its deadline to December 31, 2003.  IAF, Tab 4 at 9.  Under current regulations, coverage in a firefighter position or credit for past service will not be granted for a period greater than 1 year prior to the date that the request is

received.[2] *Menendez*, 83 M.S.P.R. 582, ¶ 6 (applying this rule in the case of an individual requesting LEO retirement credit); 5 C.F.R. § 831.906(e).

¶7        In the appellant's written request for enhanced service credit, dated August 25, 2007, he acknowledged that his request was late.  IAF, Tab 4 at 11.  According to the appellant, J.G., an agency official, made a statement in 2003 that only those with the words "Fire Fighter" on their job descriptions needed to attend a retirement briefing regarding the credit that the appellant now seeks.  *Id.*; *see* Hearing Compact Disc (HCD).  We agree with the administrative judge that the appellant's reliance on this misinformation does not show that he was prevented by circumstances beyond his control from seeking coverage by the deadline.  ID at 3-4; *see McDowell v. Department of Defense*, 76 M.S.P.R. 281, 284 (1997) (holding that the appellant failed to show that he was prevented by circumstances beyond his control from timely seeking coverage even though agency officials told him that he was not eligible).

¶8        Regarding notification about enhanced service credit coverage, the appellant stated, "[w]e did not get the letter that was sent out in 1988 or 1989."  IAF, Tab 4 at 11.  However, the appellant testified at the hearing that J.G. made him aware of the enhanced service credit in 2003.  *See* HCD.  The appellant chose to trust the representations of J.G., and did not attend the briefing.  *See id.* Regardless of whether he was aware of enhanced service credit or not, ignorance of a regulation itself is not a circumstance beyond an appellant's control that prevents him from making a timely request for coverage.  *See*

---

[2] The agency, and not the Office of Personnel Management, made a determination regarding the appellant's claim.  CSRS regulations indicate that an agency head may extend the time limit for filing a claim when, in the judgment of the agency head, the individual shows that he was prevented by circumstances beyond his control from making the request within the time limit.  *Menendez*, 83 M.S.P.R. 582, ¶ 6; 5 C.F.R. § 831.906(f).  The agency determined that the appellant was not prevented by circumstances beyond his control from making a timely request.  IAF, Tab 4 at 7-10.

*Menendez*, [83 M.S.P.R. 582](), ¶ 8.  We agree with the administrative judge that the appellant's request was untimely.  ID at 3-4.

The appellant failed to object below to the administrative judge's ruling on witnesses.

¶9    On review, the appellant argues that he was denied the opportunity to present documents and witnesses.  PFR File, Tab 1 at 3-4.  We see no error in the administrative judge's determination to disapprove the appellant's requested witnesses.   At the hearing, the administrative judge allowed the appellant to testify fully on his own behalf.  *See* HCD.  The administrative judge has wide discretion under [5 C.F.R. § 1201.41](b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious.  *Gonzalez v. Department of Transportation*, [109 M.S.P.R. 250](), ¶ 12 (2008).  Likewise, administrative judges have broad discretion in controlling proceedings before them.  *Dangerfield v. U.S. Postal Service*, [77 M.S.P.R. 678](), 684 (1998); [5 C.F.R. § 1201.41](b).   The order and summary of prehearing conference, in which the administrative judge made rulings on witnesses, permitted the parties to lodge any objections to the summary, if they had any.  IAF, Tab 8 at 1.  The appellant did not object to the summary and his failure to timely object to rulings on witnesses below precludes him from doing so on petition for review.  *See Tarpley v. U.S. Postal Service*, [37 M.S.P.R. 579](), 581 (1988).

¶10   On review, the appellant lists a number of documents that were not considered by the agency in denying his request to waive the applicable time limits.  PFR File, Tab 1 at 4.  However, at the hearing, the appellant did not seek to admit any documents that were not previously made a part of the record, and we therefore cannot find any adjudicatory error.  *See* IAF, Tab 5 at 3 (ordering the parties to submit hearing exhibits as part of their prehearing submissions), Tab 6 (reflecting that the appellant submitted no exhibits with his prehearing submissions), Tab 8 (indicating that both parties stated that there were no

outstanding matters to be addressed prior to the hearing); *see* HCD (failing to reflect that the appellant requested to submit additional documentation into the record).

¶11    The appellant argues that his years of service entitle him to "individual consideration" of his claim. PFR File, Tab 1 at 4-5. His argument appears to constitute mere disagreement with the administrative judge's findings and therefore provides no basis to grant the petition for review. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board). Moreover, the appellant does not cite to any law that requires the administrative judge to give his claim special consideration for his years of service. Based on our review of the record, we find no reason to disturb the administrative judge's initial decision affirming the agency's determination.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.